```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                              **CRIMINAL NO. 1:15-00039**

**GEORGE F. BROOKS, JR.**

## MEMORANDUM OPINION AND ORDER

In Charleston, on January 9, 2024, came the defendant, in person and by counsel, John J. Balenovich; came the United States by Andrew Isabell, Assistant United States Attorney; and came Senior United States Probation Officer, Dylan Shaffer, for a hearing on the petition to revoke defendant's term of supervised release.

The court informed defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on October 26, 2023. The court found that defendant had received written notice of the alleged violations as contained in the petition and that the evidence against defendant had been disclosed. The court advised defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

Defendant was charged with three violations of supervised release: (1) commission of a state crime, (2) failure to follow instructions of the probation officer, and (3) failure to

participate in sex offender treatment.  He admitted to violation numbers two and three.  Accordingly, the court found that those charges were proven by a preponderance of the evidence.  The United States withdrew charged violation number one.

The admitted violations are Grade C Violations, and defendant has a criminal history score of VI.  Thus, the court found the Guideline imprisonment range to be eight to fourteen months.  The court found that the guideline range for supervised release following that imprisonment was life, less any term of imprisonment imposed.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Therefore, the court stated that the relevant statutory period is 18 U.S.C. § 3583, which provides a maximum term of imprisonment of twenty-four months.  Neither party objected to the Guideline range or statutory penalty determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant opportunities to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984,

that defendant's term of supervised release be revoked, and that he be incarcerated for a period of twelve (12) months.  Upon release from imprisonment, defendant will serve a term of supervised release of thirty-six (36) months.  While on supervised release, defendant shall not commit another federal, state, or local crime, and shall be subject to the Standard Conditions of Supervision adopted by this court.  All previously imposed conditions of supervision remain in effect.

Defendant asked the court to vary downward from the guidelines and impose a sentence of two to three months' incarceration or a sentence at the low-end of the guideline imprisonment range with no term of supervised release.  The court denied that motion because of defendant's lengthy criminal history, unlikelihood of successful supervision, and because of his failures to comply with previous terms of supervised release, particularly his failure to participate in sex offender treatment.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for defendant's breach of trust, taking into account

3

the nature and circumstances of the offense and the history and characteristics of defendant.

Defendant was informed of his right to appeal.  He was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days.  The court advised defendant that if he wishes to appeal and cannot afford to hire counsel, the court will appoint counsel for him.  He was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the probation department of this court.

It is **SO ORDERED** this 10th day of January, 2024.

ENTER:

David A. Faber
Senior United States District Judge

4